IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY JAMES JACKSON, | ) | |
| AIS #128248, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-560-MHT |
| | ) | (WO) |
| | ) | |
| MARK ALAN CIEUTAT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jeffery James Jackson on August 14, 2017.[2]  Jackson is an indigent state inmate currently incarcerated on a conviction for felony murder imposed upon him by the Circuit Court of Montgomery County, Alabama on August 15, 2006.  *Jackson v. Davenport, et al*., 2:13-CV-111-WHA-TFM (M.D. Ala. 2016).[3]   This conviction arises from the death of defendant Mark Alan Cieutat, an over-the-road truck driver, on February 9, 2004.[4]

---

[1]All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[2]The court "received" the complaint on August 18, 2017.  Jackson, however, executed the complaint on August 14, 2017, Doc. No. 1 at 4, and this is the earliest date he could have placed the complaint in the prison's mail system.  Thus, the court considers August 14, 2017 as the date of filing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988) (pro se inmate's complaint deemed filed on date it is delivered to prison officials for mailing).

[3]This court takes judicial notice of its own records.  *Nguyen v. United States,* 556 F.3d 1244, 1259 n.7 (11th Cir.2009).

In the instant complaint, Jackson asserts that defendant Cieutat negligently or wantonly caused him to suffer injuries due to Cieutat's reckless driving on the date of the incident.  Doc. No. 1 at 3.  Jackson further alleges that Guy Naquin, a homicide detective with the Montgomery Police Department, subjected him to an unlawful arrest and imprisonment on February 11, 2004.  *Id*.  Jackson seeks issuance of a declaratory judgment and monetary damages.  *Id*. at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[5]

---

[4]Although Jackson asserts that "the grand jury didn't return and indictment" against him, Doc. No. 1-1 at 1, the records of this court establish that in April of 2006, a duly empaneled grand jury for Montgomery County, Alabama issued an indictment charging that Jeffery Jackson "whose name is otherwise unknown to the Grand Jury, did commit or attempt to commit the crime of Robbery, and, in the course of and in furtherance of the said crime, or in immediate flight therefrom, Jeffery Jackson, alias, and/or an accomplice caused the death of another person, to-with: Mark Cieutat, in violation of section 13A-6-2(A)(3) of the Code of Alabama[.]" *Jackson v. Davenport, et al*., 2:13-CV-111-WHA-TFM – Doc. No. 17-1 at 9.  On August 15, 2006, a jury convicted Jackson of the felony murder of Mark Cieutat.  The evidence presented by the State at trial showed that "[o]n the night of February 9, 2004, the victim, Mark Cieutat[, an individual with dwarfism,] was parked in his semi-truck on the on-ramp of Interstate 85 at Taylor Road in Montgomery. . . .  Jackson, aided by Neil Walker (also known as 'Top Cat') . . . attempted to rob the victim.  Jackson, armed with a pistol [and his face covered with a ski mask], went to the cab of the truck and threatened or attacked the victim who was sitting inside.  It appears from the evidence that Jackson broke the [driver's side] window of the cab; a fight ensued, and Jackson attempted to pull the victim out of the cab of the truck.  During the altercation, the truck rolled down the side of the on-ramp and struck a light pole.  Jackson was thrown away from the pole and his arm was entangled in the wreckage.  The victim had been pulled partially out of the cab and was pinned between the light pole and the cab of the truck.  The force of the collision eviscerated and crushed the victim to death."  *Id*. – Doc. No. 17 at 7; *see* Doc. No. 17-3 at 17-200 and 17-4 at 1-7 (Vol. 1 and Vol. 2 of the trial transcript).

[5]The court granted Jackson leave to proceed *in forma pauperis* on August 22, 2017 (Doc. No. 4).  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  Arrest of Plaintiff

Jackson alleges that defendant Naquin "on or about the 11th day of February, 2004 . . . unlawfully arrested and imprisoned [him] on the charges of first degree robbery and murder." Doc. No. 1 at 3.  It is clear from the complaint that Jackson's claims challenging the constitutionality of actions taken by defendant Naquin on February 11, 2004 are barred by the statute of limitations applicable to a federal civil action filed in this court by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The arrest and imprisonment about which Jackson complains occurred on February 11, 2004.  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Jackson from application of the time bar as he was neither under the age of 19 nor legally insane at the time this cause of action accrued.  Thus, the statute of limitations as to Jackson's false arrest/imprisonment claim began to run on

February 12, 2004.[6]   The limitations period for this claim expired on February 13, 2006.[7]

Jackson filed the instant complaint on August 14, 2017.   The filing of this civil action therefore occurred over eleven years after expiration of the applicable period of limitations.

Unquestionably, the statute of limitations is generally a matter which may be raised as an affirmative defense.   The court notes, however, that in a § 1983 action filed by a plaintiff proceeding *in forma pauperis*, it may sua sponte consider affirmative defenses that are apparent from the face of the complaint.   *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) ("[I]n an action proceeding under section 1915(d) [– the *in forma pauperis* statute now codified as § 1915(e)(2)(B)(i) –], [a court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised in the district court.   In so doing, [the court is] following consistently the special treatment given to section 1915[] suits.").   Consequently, with respect to a complaint filed *in forma pauperis*, "if the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)] dismissal is allowed."   *Clark*, 915 F.2d at 640.   "The expiration of the statute of limitations is an

---

[6]In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed.R.Civ.P.

[7]Since expiration of the limitations period for the arrest and imprisonment claims fell on February 12, 2006, a Sunday, the one-year period of limitation expired the following Monday, February 13, 2006. Rule 6(a)(1)(C), Fed.R.Civ.P. ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2 (internal citation omitted).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (alterations in original).

Based on the facts apparent from the face of the present complaint, Jackson has no legal basis on which to proceed with respect to his arrest on February 11, 2004. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to this claim expired several years prior to Jackson filing the instant complaint. In light of the foregoing, the court concludes that Jackson's unlawful arrest/imprisonment claim is barred by the applicable statute of limitations. This claim is therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole*

*Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## B.  Challenge to Conviction

In his affidavit filed attendant to the complaint, Jackson asserts that he is innocent of the criminal offense for which he has been convicted.  Doc. No. 1 at 5.  This claim goes to the fundamental legality of Jackson's felony murder conviction and the resulting incarceration, and, as such, Jackson is entitled to no relief from this court on this claim. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence and seeking damages are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983.").  The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief.  *Balisok*, *supra*.  Moreover, "[i]t is irrelevant that [the plaintiff]

disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law directs that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the fact or duration of his incarceration. *Heck*, 512 U.S. at 481; *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the validity of his conviction "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). In *Balisok*, the Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Under the circumstances of this case, *Heck* and its progeny bar the use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to present claims which constitute a collateral attack on Jackson's conviction. 512 U.S.

at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").   It is clear that granting relief on Jackson's claim of innocence would undermine the validity of his conviction and the attendant sentence on which he is currently incarcerated.  Consequently, this claim is not cognizable in the instant cause of action and is therefore subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  Claims Against Mark Alan Cieutat

Jackson alleges that Cieutat, the victim of the felony murder for which he stands convicted, caused him injuries when Cieutat "negligently [or wantonly] cause or allowed his 18 wheeler tractor trailer to strike or hit the plaintiff when he was walking in the grass median near interstate 85."  Doc. No. 1 at 3 (alteration in original).

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law or a person whose conduct is fairly attributable to the State.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under § 1983, a plaintiff must assert that he was "deprived of a right secured by the Constitution or laws of the United

States, and that the alleged deprivation was committed under color of state law.  Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" *American Manufacturers*, 526 U.S. at 49-50 (internal quotations and citations omitted).  The Eleventh Circuit has repeatedly insisted "that state action requires both an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and that the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id*.

It is clear to the court that in operating his tractor trailer Mr. Cieutat was not acting under color of state law nor were his actions in any way attributable to the State.  Instead, his actions as a truck driver constituted purely private conduct excluded from the reach of § 1983.  Moreover, the allegations against this defendant for negligence and wantonness do not implicate the protections of the Constitution or federal law as these claims arise solely in the context of state tort law.  In light of the foregoing, the court concludes that the claims presented against defendant Cieutat provide no basis for relief in this § 1983 action and are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.  Supplemental Jurisdiction

To the extent Jackson seeks to present pendent state law claims against defendant Cieutat for negligence and wantonness, review of any state law claim is appropriate only

upon exercise of this court's supplemental jurisdiction.  In the posture of this case, the court concludes that exercise of supplemental jurisdiction over Jackson's referenced state law claims is inappropriate.

> To exercise pendent jurisdiction [—which is now referred to as supplemental jurisdiction—] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).  *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443-47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary.  *Gibbs*, 383 U.S. at 726.  "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims."  *L.A. Draper and Son*, 735 F.2d at 428.

In view of this court's resolution of the federal claims, the court concludes that Jackson's pendent state claims are due to be dismissed.  *Gibbs,* 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Insofar as the plaintiff seeks relief under 42 U.S.C. § 1983, his claims be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2.   The pendent state tort claims be DISMISSED without prejudice as this court deems it inappropriate to exercise supplemental jurisdiction over these claims.

3.   This case be DISMISSED prior to service of process.

The plaintiff may file his objections to the Recommendation on or before **September 22, 2017**.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made.  The plaintiff is advised that frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of September, 2017.


/s/Terry F. Moorer
TERRY F. MOORER
 UNITED STATES MAGISTRATE JUDGE